UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gavan C., | Civ. No. 19-2565 (PAM/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Andrew M. Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Gavan Scot Cockrell filed an application for child's insurance benefits on April 7, 2016, alleging that he has been disabled since his birth, on August 25, 1997, due to autism spectrum disorder and adjustment disorder. (Admin. R. at 20.)

Cockrell claims that he is disabled under 42 U.S.C. § 223(d). (Admin R. at 18.) To be entitled to child's insurance benefits on the earnings record of a parent, a claimant over the age of eighteen must have a disability that began before he turned 22 years old. See 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5). The ALJ determined that Cockrell did not have a severe impairment before he reached the age of 22.

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant

work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Cockrell had the severe impairments of autism spectrum disorder and adjustment disorder with mixed anxiety and depressed mood. (Admin. R. at 20.) The ALJ then determined that Cockrell's impairments did not meet or medically equal the requirements of listed impairments. (Id. at 21-22.) The ALJ found that Cockrell's RFC allowed him to perform work that exists in significant numbers in the national economy. (Id. at 29-30.) Thus, the ALJ determined that Cockrell was not disabled. (Id. at 30.)

Cockrell brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled. Cockrell contends that the ALJ's decision is not supported by substantial evidence in the record, and that the Appeals Council should have considered a state-court guardianship order issued after ALJ's decision.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As long as substantial evidence in the record supports the Commissioner's decision, the Court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. McKinney, 228 F.3d at 863. Additionally, "[w]hen the Appeals Council denies review of an ALJ's decision after reviewing new evidence, [the Court does] not evaluate the Appeals Council's decision to deny review, but rather [it] determine[s] whether the record as a whole, including the new evidence, supports the ALJ's determination." McDade v. Astrue, 720 F.3d 994, 1000 (8th Cir. 2013) (quotation omitted).

Cockrell primarily contends that the Appeals Council erred in declining to review the ALJ's decision based on a state-court guardianship order he submitted after the ALJ decision issued. The Appeals Council reviews an ALJ's decision when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). To warrant the Appeals Council's review of the ALJ's decision, Cockrell was required to satisfy both conditions and failed do so. Thor S. v. Berryhill, No. 18cv538, 2018 WL 7141873, at *5 (D. Minn. Dec. 13, 2018) (R. & R. of Menendez, M.J.).

The Appeals Council considered Cockrell's arguments regarding the guardianship order and determined that the ALJ's decision did require not require reversal. (Appeals Council Notice at 1.) First, the Appeals Council found that the December 10, 2018,

4

guardianship order post-dated the November 30, 2018, ALJ's decision, thus it "[did] not relate to the period at issue. Therefore, it does not affect the decision about whether [Cockrell] was disabled beginning on or before November 30, 2018." (Id. at 2.) While is it likely that the ALJ and Cockrell's attorney, who prepared the guardianship order, considered the same medical evidence because the two decisions were issued so close in time, the Appeals Council's error is immaterial because Cockrell's challenge fails for other reasons. (Admin. R. at 4.) First, the guardianship order relied on the Minnesota guardianship statutes' criteria, rather than the Social Security disability criteria, and it presented cumulative evidence. See Bergmann v. Apfel, 207 F.3d 1065, 1069 (8th Cir. 2000). Moreover, the guardianship order is not probative of Cockrell's medical condition because it is not a medical record, and the Court is directed to "only consider the applicant's medical condition as of his or her date last insured." See Turpin v. Colvin, 750 F.3d 989, 993 (8th Cir. 2014). Lastly, the Appeals Council is not bound by a state-court decision in which the Social Security Administration was not a party. Social Security Ruling 83-37c. Cockrell's challenge to the Appeals Council's decision regarding this evidence fails.

The ALJ determined that Cockrell's conditions did not meet or medically equal a listing and that he had the RFC to perform a full range of work at all exertional levels, as long as the work was simple and routine, taking place in a low-stress environment, with only superficial interactions with coworkers and no interaction with the general public. (Admin. R. at 22.) Cockrell contends that the RFC determination is not supported by substantial evidence in the record, disputing that he does not require ongoing workplace support. Further, Cockrell asserts that the guardianship order should be considered in the

5

RFC determination.  Cockrell bears the burden to present affirmative evidence that he cannot sustain workplace performance.  20 C.F.R. § 416.920(a)(4)(iv).  But he did not do so because the guardianship order was the only new evidence he presented, and it is not a medical record, nor does it show a sufficient basis for its findings.  Thus, the Appeals Council was justified its decision.  Cockrell's argument is without merit.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 14) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 20, 2020   *s/ Paul A. Magnuson*
                                                              Paul A. Magnuson
                                                              United States District Court Judge